UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff/Respondent, ) <br> ) <br> v. ) <br> ) <br> FRANCISCO LEON, ) <br> ) <br> Defendant/Movant. ) <br> ) <br> ) | No. 5:12-CR-58-JMH-HAI <br><br> RECOMMENDED DISPOSITION |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

On December 14, 2017, per the mailbox rule, *pro se* Defendant Francisco Leon filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. D.E. 72. The matter was assigned to the undersigned in accordance with Rule 4 of the Rules Governing Section 2255 Cases for the purposes of conducting a preliminary review. *See* Rules Governing Section 2255 Cases, Rule 4(b). On initial review, the undersigned issued an Order requiring Defendant to show cause why his Motion should not be dismissed as barred by the limitations period set out in § 2255(f). D.E. 75. Having reviewed the Motion and Defendant's response to the Order to show cause, it plainly appears that Defendant's Motion is untimely and the undersigned therefore recommends that it be dismissed.

Section 2255 provides that a federal prisoner may seek habeas relief because his sentence violates the Constitution or federal law, the federal court lacked jurisdiction to impose such a sentence, or the sentence exceeds the maximum authorized by law. 28 U.S.C. § 2255(a). To prevail on a § 2255 motion alleging constitutional error, a defendant must establish that the error had a "substantial and injurious effect or influence on the proceedings." *Watson v. United States*,

165 F.3d 486, 488 (6th Cir. 1999) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993)). A defendant filing a motion under § 2255 bears the burden of proving his or her allegations by a preponderance of the evidence. *McQueen v. United States*, 58 F. App'x 73, 76 (6th Cir. 2003) (per curiam).

The Court recognizes that Defendant is proceeding *pro se*, without the assistance of an attorney. The Court construes *pro se* motions more leniently than other motions. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Castro v. United States*, 540 U.S. 375, 381-83 (2003).

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On October 15, 2012, Defendant pleaded guilty to possession with intent to distribute 1,000 grams or more of a mixture or substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. § 841(a)(1), before Senior Judge Joseph Hood. D.E. 30, 31. This offense carried a statutory minimum of ten years. 21 U.S.C. § 841(b)(1)(A)(viii). Defendant's range under the Sentencing Guidelines was 188 to 235 months. D.E. 51 at 11. The United States Probation Office recommended withholding acceptance of responsibility credit under United States Sentencing Guideline § 3E1.1 because Defendant's bond was revoked when he stipulated to trying to obtain 3.2 pounds of methamphetamine while on pretrial release. *Id.* at 4, 6. After considering a motion by the government for a § 5K1.1 downward departure based on substantial assistance (D.E. 38), Judge Hood imposed a sentence of ninety-six months of imprisonment followed by three years of supervised release (D.E. 42 at 2-3). On its own motion, the District Court denied a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) on January 28, 2015, because "[t]he defendant's sentence is below the amended advisory guidelines range as the result of a departure." D.E. 46. On July 9, 2015, Defendant filed a motion to reduce his sentence on the same grounds (D.E. 47),

2

and the District Court denied it because "the Court remains convinced that the defendant's current sentence is sufficient, but not greater than necessary, to meet the goals of 18 U.S.C. § 3553(a)." (D.E. 48).

Defendant appealed this denial to the Sixth Circuit, and the Sixth Circuit remanded to provide a brief statement of reasons for the District Court's decision to deny Defendant's motion for a reduction of sentence. D.E. 57 at 2-3. By Order entered July 19, 2016, Judge Hood, relying on the facts contained in the Presentence Report, explained that the ninety-six-month term of imprisonment was sufficient but not greater than necessary because of the nature of the offense (Defendant had approximately two pounds of methamphetamine in his vehicle and he attempted to obtain an additional 3.2 pounds while on pretrial release) and the history and characteristics of the defendant (he had a net worth valued at over $1 million and real estate in four different states while earning a reported $62,000 annually). D.E. 60 at 3-4. He also noted that Defendant's ninety-six-month term of imprisonment was fifty-five months below Defendant's Guideline Range after applying the amendment under § 3582(c)(2). *Id*. at 4. In an Order filed January 11, 2017, the Sixth Circuit upheld the denial of the motion to reduce Defendant's sentence and found that Judge Hood had not abused his discretion when relying on the Presentence Report because Defendant never objected to it. D.E. 70 at 3 (citing *United States v. Vonner*, 516 F.3d 382, 385 (6th Cir. 2008)). The Sixth Circuit issued its mandate on February 2, 2017. D.E. 71. Defendant claims in his § 2255 Motion that he received ineffective assistance of counsel because his attorney failed to (1) investigate facts related to the bond revocation and (2) object to his reported income in the Presentence Report. D.E. 72 at 4.

After conducting a preliminary review of Defendant's Motion, the undersigned issued an Order requiring Defendant to show cause why his Motion should not be dismissed as barred by

3

the one-year limitations period under 28 U.S.C. § 2255(f). D.E. 75. Defendant filed a response to the undersigned's Order. D.E. 78. He admits that his Motion is barred by § 2255(f)(1), but argues that it is timely under § 2255(f)(4). *Id*. at 3. Defendant also admits that he knew his trial counsel did not object to the Presentence Report at the sentencing hearing. *Id*. He argues that the limitations period under § 2255(f)(4) did not begin to run at the sentencing hearing because he did not know then that prejudice had accrued. *Id*. at 3-4. Instead, he argues that the limitations period began on January 11, 2017, once the Sixth Circuit affirmed the denial of his sentence reduction under § 3582(c)(2). *Id*. 7.

## ANALYSIS

A one-year limitations period applies to motions filed under 28 U.S.C. § 2255. 28 U.S.C. § 2255(f). That period begins to run at the latest of four dates, two of which are relevant here: when the judgment becomes final or when facts supporting the claim could have been discovered through the exercise of due diligence. § 2255(f)(1),(4). Judge Hood entered the Judgment on January 16, 2013. D.E. 42. Defendant admits that he did not appeal his conviction. D.E. 72 at 1; 78 at 2. Absent an appeal, "the judgment becomes final upon the expiration of the period in which the defendant could have appealed to the court of appeals, even when no notice of appeal was filed." *Sanchez-Castello v. United States,* 358 F.3d 424, 427 (6th Cir. 2004). The notice of appeal must be filed either within fourteen days after the entry of judgment or after the government files a notice of appeal. Fed. R. App. P. 4(b)(1)(A). In this case, Defendant's conviction became "final" for purposes of § 2255(f)(1) on January 30, 2013, fourteen days after the Judgment was entered. *See* D.E. 42. Thus, under § 2255(f)(1) Defendant was required to file his Motion on or before January 30, 2014. Defendant recognizes that his Motion was untimely under § 2255(f)(1), but contends it is timely under § 2255(f)(4). D.E. 78 at 3 ("There is no

4

question [Defendant] filed his § 2255 Motion well after the deadline imposed by § 2255(f)(1). Thus, if his § 2255 Motion is timely, it must be so because of § 2255(f)(4).").

The statutory tolling provision of § 2255(f)(4) provides defendants with a year from "the date on which the *facts* supporting the claim or claims presented could have been discovered through the exercise of due diligence" to file a motion under § 2255.  28 U.S.C. § 2255(f)(4) (emphasis added). The diligence required is due, or reasonable, diligence. *Jefferson v. United States*, 730 F.3d 537, 544 (6th Cir. 2013). The Sixth Circuit has explicitly held that § 2255(f)(4) applies to the date that the defendant discovers the vital facts underlying a § 2255 motion, not the date the defendant discovers that the facts have ripened into a legal claim. *Webb v. United States*, 679 F. App'x 443, 448 (6th Cir. 2017). Other circuits have agreed. *See*, *e.g., Ford v. Gonzalez*, 683 F.3d 1230, 1235 (9th Cir. 2012) ("The 'due diligence clock starts ticking when a person knows or through diligence could discover the vital facts, regardless of when their legal significance is actually discovered."); *Owens v. Boyd*, 235 F.3d 356, 359 (7th Cir. 2000) (amended Jan. 22, 2001) ("Time begins when the prisoner knows (or through diligence could discover) the important facts, not when the prisoner recognizes their legal significance.").

To succeed on an ineffective assistance of counsel claim, Defendant must show that (1) his attorney's performance was unreasonable under prevailing professional norms, and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result would have been different. *Strickland*, 466 U.S. at 687-94. Here, Defendant admits that he knew his counsel did not object to the alleged errors at the sentencing hearing on January 14, 2013. D.E. 40, 72-2 at 11, 78 at 3 ("To be sure, Defendant knew of Counsel's failure to object to the alleged errors in the presentence report at the time of the sentencing hearing."). Defendant argues that he could not have discovered the facts supporting his ineffective assistance of counsel claim until July 19,

5

2016, when Judge Hood explained his reasons for denying the sentence reduction under § 3582(c)(2), because he did not know that prejudice had accrued. D.E. 78 at 4. He argues that

> [t]here is no question that a reasonable [defendant] could not have discovered that defense counsel rendered ineffective assistance within the meaning of [*Strickland v. Washington*, 466 U.S. 688 (1984)] at the time of the sentencing, because it was impossible to determine from the sentence that [Defendant] had been prejudiced by defense counsel's failure to challenge [the Presentence Report].

*Id*. The fact that his counsel did not object to the alleged errors is the vital fact supporting his § 2255 claim. Judge Hood's Order on July 19, 2016, was not a new vital fact. Rather, it was the event that confirmed the legal significance of his counsel's alleged failure to object to the presentence report and did not start the limitations period under § 2255(f)(4). *See Webb*, 679 F. App'x at 448.

The Sixth Circuit rejected a similar argument in *Johnson v. United States*, 457 F. App'x 462 (6th Cir. 2012). The defendant in that case argued that

> because a claim of ineffective assistance of counsel requires both deficient performance by an attorney *and* prejudice to the defendant, [the start date of the limitations period under § 2255(f)(4)] could not have come until [the defendant] learned that he had been irrevocably deprived of his . . . rights, i.e. when [the Sixth Circuit] denied his motion for reconsideration on September 20, 2007.

*Id*. at 468-69 (internal quotation marks omitted). The Sixth Circuit held that "[the defendant's] interpretation of § 2255(f)(4), tying the beginning of the limitations period to the date when all efforts to avoid prejudice have finally failed, conflicts with the plain language of § 2255(f)(4), which focuses on when the facts supporting the claim or claims presented could have been discovered." *Id*. at 469 (internal quotation marks omitted). Because Defendant learned of the facts supporting his claim during the sentencing on January 14, 2013, the limitations period began to run fourteen days after the entry of the Judgment and expired one year later on January 30, 2014. 28 U.S.C. § 2255(f)(1); D.E. 42.

6

Defendant argues that, even if the Court finds that he could not have discovered the vital facts until Judge Hood's July 19, 2016 Order, this event did not start the limitations period. D.E. 78 at 6. Instead, he urges the Court to find that the limitations period under § 2255(f)(4) started when the Sixth Circuit affirmed the denial of his § 3582(c)(2) motion on January 11, 2017. *Id.* at 7 ("A petitioner exercising due diligence would not have known that counsel's sub-par representation had caused *Strickland* prejudice until that finding became final."). He is wrong for various reasons. In support of his argument, Defendant correctly notes that the Sixth Circuit prevents prisoners from filing motions for relief under § 2255 while a direct appeal is pending. *Id.* at 6 (citing *Bishop v. United States*, No. 90-3345, 1990 WL 140602, at *1 (6th Cir. Sept. 27, 1990)). It is true that the Sixth Circuit has held that district courts should decline to review a motion under § 2255 during the pendency of a defendant's direct appeal. *Capaldi v. Pontesso*, 135 F.3d 1122, 1124 (6th Cir. 1998). However, the Sixth Circuit has also construed the term "direct appeal" to mean an appeal from the defendant's conviction, not an appeal from a post-trial motion. *See Starnes v. United States*, 18 F. App'x 288, 292 (6th Cir. 2001) ("We agree with the district court's determination that extension of the *Capaldi* decision to preclude consideration of § 2255 motions petitions until after the appeal of Rule 33 new trial motions would be improper."). As Defendant acknowledges, he did not file a direct appeal from his conviction. D.E. 78 at 2 ("Pursuant to a waiver in the Plea Agreement . . . [Defendant] did not appeal."). Moreover, if § 2255(f)(4) were to apply, to qualify for statutory tolling of the limitations period, Defendant was required to file his Motion within one year of July 19, 2016, the latest possible date that he could have learned of the facts supporting his claim. *See* 28 U.S.C. § 2255(f)(4). Even if the Court accepted his argument that he could not have discovered the vital facts through due, or reasonable, diligence before Judge Hood's Order on July 19, 2016 (which it does not),

7

Defendant was required to file his Motion by July 19, 2017. Defendant waited until December 14, 2017. D.E. 72-5.

For all these reasons, Defendant's, Motion is barred by the limitations period under § 2255(f) and the District Court should dismiss the Motion as untimely.

## CONCLUSION

Because Defendant's § 2255 motion is untimely, the undersigned **RECOMMENDS** that the Motion (D.E. 72) be **DISMISSED**. The Court also **RECOMMENDS** that no Certificate of Appealability should issue.

When a case is dismissed on procedural grounds, a Certificate may only issue if the defendant can show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, Defendant admits that his Motion is untimely under § 2255(f)(1) and admits that he knew of the facts supporting his claim at the sentencing on January 14, 2013. D.E. 78 at 3. Thus, Defendant has failed to justify the invocation of § 2255(f)(4). Reasonable jurists would not find it debatable that Defendant's Motion is barred by the limitations period under § 2255(f).

Any objection to, or argument against, dismissal must be asserted properly and in response to this Recommended Disposition. The Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights and mechanics concerning this Recommended Disposition, issued under subsection (B) of the statute. *See also* Rules Governing Section 2255 Cases, Rule 8(b). Within fourteen days after being served with a copy of this decision, any party may serve and file specific written objections to any or all findings or recommendations for determination, *de novo*, by the District Court. Failure to make a timely objection consistent with the statute and rule

may, and normally will, result in waiver of further appeal to or review by the District Court and Court of Appeals. *See Thomas v. Arn*, 474 U.S. 140, 155 (1985); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981).

  This the 14th day of March, 2018.

Signed By:
*Hanly A. Ingram*
United States Magistrate Judge