UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff/Respondent, | ) | Case No. |
| | ) | 5:12-cr-058 |
| v. | ) | |
| | ) | **MEMORANDUM OPINION &** |
| FRANCISCO LEON, | ) | **ORDER** |
| Defendant/Petitioner. | ) | |

\*\*\*\*\*\*

This matter is before the Court on Defendant Francisco Leon's Motion to Vacate his Sentence pursuant to 28 USC § 2255. United States Magistrate Judge Hanly Ingram has filed a report and recommendation in which he recommends dismissal of the Motion as untimely. [DE 79]. Leon has filed objections. [DE 87]. Having considered the matter *de novo*, the Court adopts Magistrate Judge Ingram's recommendation as its own.

I.

A habeas petitioner may object to and seek review of a magistrate judge's report and recommendation. Fed. R. Civ. P. 72(b)(2). If objections are made, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). Objections must be stated with specificity. *Thomas v. Arn*, 474 U.S. 140, 151 (1985) (citation omitted). "Only those specific

1

objections to the magistrate's report made to the district court will be preserved for appellate review." *Carson v. Hudson*, 421 F. App'x 560, 563 (6th Cir. 2011) (quoting *Souter v. Jones*, 395 F.3d 577, 585–86 (6th Cir. 2005)).

II.

Leon does not object to the facts and procedural background outlined in the Magistrate's recommendation.

The petitioner pleaded guilty in October 2012 to possession with intent to distribute 1,000 grams or more of a mixture of substance containing a detectable amount of methamphetamine in violation of 21 U.S.C. § 841(a)(1). In Leon's presentence report, the United States Probation Office recommended withholding an acceptance of responsibility credit under United States Sentencing Guideline § 3E1.1 after Leon's bond was revoked for trying to obtain 3.2 pounds of methamphetamine while on pretrial release. [DE 51, p. 4; 79, p. 2]. This Court sentenced Leon to ninety-six months in prison followed by three years of supervised release. [DE 42, pp. 2-3]. On its own motion, the Court denied a sentence reduction under 18 U.S.C. § 3582(c)(2) because the "defendant's sentence is below the amended advisory guidelines range." [DE 46]. Six months later, Leon moved under that same provision to reduce his sentence, which the Court denied. [DE 47; 48].

2

Defendant appealed that Order, although he never appealed his conviction. The Sixth Circuit instructed this Court to provide a statement of reasons why the Court denied Defendant's motion. [DE 57]. In a July 2016 Order, this Court explained its decision. [DE 60]. The Court first pointed out that Leon's sentence was "a term slightly more than one half of the bottom end of the advisory guideline range." [*Id.* at p. 3]. The Court also determined that the sentence was sufficient but not greater than necessary based on Defendant's behavior outlined in his presentence report. In particular, the report stated that Leon attempted to obtain an additional 3.2 pounds of methamphetamine while on pretrial release. The report also noted Leon's extensive financial profile that included more than $1 million in real estate in four states, while earning $62,000 annually—a fact that "suggests a lengthy involvement in the drug trade." [DE 60, p. 4]. The Sixth Circuit affirmed the denial of Defendant's motion on January 11, 2017. [DE 70]. The panel found that this Court did not abuse its discretion by relying on the presentence report since Leon did not object to it and "[b]y failing to object to the presentence report, [a defendant] accept[s] all of the factual allegations contained in it." *United States v. Vonner*, 516 F.3d 382, 385 (6th Cir. 2008) (en banc).

Leon now claims he was denied effective assistance of counsel because his lawyer failed to (1) investigate the facts surrounding

the bond revocation and (2) object to his reported income in the presence report. He filed a motion pursuant to § 2255 seeking relief that was referred to Magistrate Judge Hanly Ingram. [DE 72]. Judge Ingram issued an Order requiring Leon to show cause why his petition should not be dismissed as time barred under § 2255(f). [DE 75]. Leon filed a response arguing that his petition was timely under § 2255(f)(4). Judge Ingram issued a Report and Recommendation that rejected Leon's arguments and recommended denying Leon's petition and a certificate of appealability. [DE 79]. After filling four motions for extensions to file objections, Leon filed his objections, making the matter ripe for review. [DE 87]. Leon argues that the Magistrate Judge erred in finding that his petition is time barred. [*Id.*]. In particular, Leon argues that the one-year statute of limitations began running when the Sixth Circuit issued its Order on January 11, 2017. Because this argument is without merit, this Court adopts the recommended disposition from Judge Ingram.

## III.

This Court must now decide whether the Sixth Circuit's Order affirming this Court's denial of petitioner's motion for reduction in sentence amounts to a "fact" under § 2255(f)(4). The Magistrate Judge found that it did not, and this Court agrees.

4

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") contains a one-year statute of limitations. 28 U.S.C. § 2255(f). There are four "starting points" that trigger the running of the clock. They are:

> The limitation period shall run from the latest of –
>
> (1) the date on which the judgment becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution of laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

A judgment "becomes final upon the expiration of the period in which the defendant could not have appealed to the court of appeals, even when no notice of appeal was filed." *Sanchez-Castello v. United States*, 358 F.3d 424, 427 (6th Cir. 2004). Leon did not appeal his conviction. As such, his conviction became final on January 30, 2013—fourteen days after the Judgment was entered. Thus, as Leon himself admits, subsection (4) is the only

5

route around the one-year statute of limitation in § 2255. [DE 78, pp. 3-4].

The timeliness of Leon's petition, then, hinges on whether facts supporting his claim emerged within a year prior to his filing a petition, and whether Leon could not have discovered those facts through the exercise of due diligence. 28 U.S.C. § 2255(f)(4). [DE 78, pp. 3-4] ("there is no question [Defendant] filed his § 2255 Motion well after the deadline imposed by § 2255(f)(1). Thus, if his § 2255 Motion is timely, it must be so because of § 2255(f)(4)."). And because Leon argues that the relevant date is when the Sixth Circuit issued its Order affirming this Court's denial of his motion for a reduction in sentence, that Order must constitute a "fact" supporting his claim.

Leon's argument proceeds as follows: First, an ineffective assistance of counsel claim requires a showing of prejudice. *Strickland v. Washington*, 466 U.S. 668, 694 (1984). Second, Leon's claim did not ripen until after the Sixth Circuit's Order because up until that point, he could not have shown prejudice. Finally, because he could only satisfy *Strickland* after the Sixth Circuit's Order, Leon argues, the relevant date to start the running of the statute of limitations is January 11, 2017—the date of the Order. In short, the question is whether the Sixth Circuit's Order constitutes a "fact" under the statute.

The Magistrate correctly determined that "§ 2255(f)(4) applies to the date that the defendant discovers the vital facts underlying a § 2255 motion, not the date the defendant discovers that the facts have ripened into a legal claim." [DE 79, p. 5]. The Sixth Circuit has been explicit that § 2255(f)(4) applies to underlying *facts*, not *later events* that create a legal claim. *Webb v. United States*, 679 F. App'x 443, 448 (6th Cir. 2017). Indeed, in *Webb*, the Court ruled that a later case giving the defendant a "viable legal claim" did not meet § 2255(f)(4). *Id*.

The Magistrate Judge also relied on *Johnson v. United States*, 457 F. App'x 462 (6th Cir. 2012) in which the Court rejected an argument similar to Leon's. In that case, the defendant did not learn that his attorney failed to exercise defendant's appellate rights until after a year had passed. Defendant moved for reconsideration of the dismissal of his appeal, which the Sixth Circuit denied. *Id*. at 468. Defendant argued that his ineffective assistance of counsel claim did not ripen until *after the* Sixth Circuit rejected his motion for reconsideration. *Id*. at 469. There, like here, the defendant did not know whether the Sixth Circuit would agree with him and rule in his favor until the Order had been issued. The defendant argued that he did not know if he would be prejudiced until *after* the Sixth Circuit ruled. *Id*. But the Court made clear that the accrual date of a legal claim is *not* how § 2255(f)(4) works. Instead, the defendant's "interpretation

7

of 2255(f)(4), tying the beginning of the limitations period to the date when all efforts to avoid prejudice have finally failed, conflicts with the plaint language of § 2255(f)(4), which focuses on when the facts supporting the claim or claims presented could have been discovered." *Id*. at 469.

Here, Leon argues that his attorney's failure to object is the basis for his petition. There is no dispute, as the Magistrate found, that Leon learned of those facts during sentencing on January 14, 2013. [DE 42]. Judgment became final on January 30, 2013, giving Leon one year to file his § 2255 motion. But Leon did not file his petition until December 2017. [DE 72]. Even if the Court accepted Leon's argument that this Court's July 2016 Order started the statute of limitations clock, his petition would still be late. Thus, Leon's petition, as the Magistrate found, is untimely.

IV.

Finally, the Court considers whether a certificate of appealability should issue in this matter with respect to Leon's claims. When a case is dismissed for procedural reasons, a certificate of appealability may issue only when "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in

8

its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). This Court agrees with the Magistrate Judge that "[r]easonable jurists would not find it debatable that Defendant's Motion is barred by the limitations period under § 2255(f)." [DE 79, p. 8]. Thus, no certificate shall issue.

V.

Accordingly, **IT IS ORDERED:**

(1) that the Magistrate Judge's Recommended Disposition [DE 79] is **ACCEPTED** and **ADOPTED** over Defendant's objections for the reasons stated therein and as set forth above;

(2) that Defendant's Motion to Vacate, Set Aside, or Correct His Sentence pursuant to 28 U.S.C. § 2255 [DE 72] is **DENIED**;

(3) that Defendant's Fourth Motion of Extension of Time to File Objections [DE86] is **DENIED AS MOOT**; and

(4) that no certificate of appealability will issue.

This is the 26th day of April, 2018.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge

9